## Case No. 11,032.

### PETERS et al. v. PREVOST et al.

[1 Paine, 64.] [1]

Circuit Court. D. New York. April Term, 1813.

INJUNCTION—MULTIPLICITY OF SUITS—REMEDY AT LAW—CONSOLIDATION.

1. An injunction to stay proceedings in ninety-two suits in ejectment, where the parties, pleadings, title, and testimony, were the same in each suit, until one or more could be tried, the remainder to abide the event, refused.

[Cited in Lapeer Co. Com'rs v. Hart, Har. (Mich.) 160.]

2. A court of law can afford the necessary relief in such a case, if it be proper, by a consolidation rule.

3. Whether in such a case a perpetual injunction would be granted against proceeding in the remaining actions after the defendants had obtained successive verdicts in several of the suits? Quere.

4. The court, having full power to issue commissions to take testimony abroad, when sitting as a court of common law, will not entertain any proceedings for such a purpose, on its equity side.

This was a bill filed to obtain an injunction against proceeding in certain actions of ejectment commenced in this court. The bill stated that the defendants had commenced ninety-two suits in ejectment against the complainants, and that the plaintiff, the lessors of the plaintiff, the defendants, and the declarations filed, were the same in each

[1] [Reported by Elijah Paine, Jr., Esq.]

cause. That the title of the plaintiffs and of the defendants in each cause was the same. That one of the causes being at issue, an application had been made to the common law side of the court to consolidate them, and that the whole should abide the event of one or more suits, such as the defendants might choose to try; but that the court were of opinion that such an order could not, according to the strict rules of the common law, be made. The bill further stated, that the complainant had been unable to make the regular application at the last term for a commission to examine a foreign witness, in consequence of not knowing his name, and that the defendants had since refused to consent to the issuing of such commission. The prayer was for an injunction to stay all proceedings until the further order of the court.

D. B. Ogden and N. Pendleton, for complainants.

T. A. Emmet and E. Williams, for defendants.

LIVINGSTON, Circuit Justice. This is a bill to enjoin the defendants from proceeding in certain actions of ejectment, on the ground that the parties litigating are the same; that the title of the plaintiffs and of the defendants in each cause is the same, and that the same testimony in each will be relied on. The prayer for an injunction is general, to stay all the actions until the further order of the court; but the real object of the complainants appears to be to have the proceedings enjoined in some of them only, and to permit the plaintiffs at law to go on in so many as may be deemed necessary fairly to try and decide the right of the parties claiming title to the lands in question, and that all the other actions abide the event of those which may be directed to be tried.

This is neither a bill of peace, which generally lies where a right has been repeatedly tried and decided at law, to restrain further litigation, nor is it an application to have the rights of the parties determined upon issues directed by the court to save the trouble and expense of suing a number of persons separately; but it is a prayer to consolidate actions, which it is not denied that the plaintiffs have a clear right to prosecute and have decided at law, merely on a suggestion that a multiplicity of trials will thereby be avoided, and much expense saved. The attempt to obtain the interposition of a court of equity in this way is novel, and of the first impression; although instances of the same nature must very frequently have occurred in this state in prosecuting actions of ejectment. The cases which have been decided on bills in the nature of bills of peace, bear but little analogy to the present application. If this be a proper case for consolidation, a court of law is competent to afford relief as well in this as in other cases, and the objections which lie to its interference in this way, must

apply here as well as there. What right, it may be asked, has this court to say, that one verdict in ejectment shall be final, when either party has a right to bring another action for the same land; and that it shall be final, not only in a particular action, but that nearly one hundred other actions shall be governed by it? and if two, three, or any other certain number, are permitted to be tried, who can say but that the verdicts may be so variant or contradictory as to leave the title as doubtful as before? In one point of view the present application is quite unnecessary. If the complainants mean to be satisfied with one verdict, and it should be against them, they can easily prevent the expense of further trials by confessing judgments in the other suits; but this must be left optional with them, as it must be with the plaintiffs at law, whether they will submit to one verdict against them, this court not having a right to impose such terms on either of them.

These actions of ejectment must originally have been prosecuted against the different occupants of different parcels of land, and although the landlords may have made themselves defendants in all of them, it cannot deprive the plaintiffs of the right of proceeding, as they might have done against the original tenants. If the prevention of costs were of itself a reason for a court of equity's interposing in this way, it might encourage tenants who had no right but possession, to put the owner to the trouble and expense of asserting his title in a court of justice, in hopes of discovering some defect in it, if they could force him to consolidate his actions, and thus divide the costs of only one suit among them.

Upon the whole, I think it improper to allow an injunction.

1. Because the only relief which is sought by the bill, if it be proper at all, can be afforded as well at law as in this court.

2. Because the parties are much too early in making the present application. If the defendants obtain verdicts at law in four or five successive trials, I will not say that the plaintiffs might not then be perpetually enjoined from proceeding in the other actions; but, until then, each party must be left to conduct the suits in such way as they think proper, under such rules as the court, where they are pending, may prescribe.

The application for a commission to take depositions in Canada must be made in open court, a judge at chambers having no power to award one; nor is it necessary or proper to come into equity for it, the circuit court, sitting as a court of law, having full power to grant it. I perceive, however, no objection arising out of the war, to taking out such a commission. If it be not executed in a reasonable time, the court may discharge the rule, and permit the plaintiffs at law to proceed.